IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ARNETT COBB,

        Petitioner,

v.                                    Civil Action No. 5:10CV66
                                                         (STAMP)
WARDEN, FCI GILMER,

        Respondent.


                  **MEMORANDUM OPINION AND ORDER**
                **AFFIRMING AND ADOPTING REPORT AND**
                **RECOMMENDATION OF MAGISTRATE JUDGE;**
                  **DENYING PETITIONER'S § 2241 PETITION;**
             **DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING;**
                   **DENYING PETITIONER'S LETTER MOTION**
                  **FOR IMMEDIATE RELEASE ON PAROLE; AND**
                **GRANTING RESPONDENT'S MOTION TO DISMISS, OR,**
                  **IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

                        I.   Background

        The pro se[1] petitioner, Arnett Cobb, was sentenced by the

Superior Court of the District of Columbia on January 18, 1980, to

nine and a half years incarceration for burglary, destruction of

property, and drug possession.  On February 28, 1984, the D.C.

Superior Court sentenced the petitioner to a thirty-five year term

of imprisonment, consecutive to the 1980 sentence, for assault with

intent to rape, robbery, and unauthorized use of a vehicle.  The

D.C. Board of Parole initially denied parole on June 1, 1992, but

later granted it by order dated October 20, 1992.  While on parole,

the petitioner was arrested and charged with rape while armed,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

kidnaping, and sodomy. Subsequently, the petitioner was convicted of rape and unauthorized use of a vehicle and the D.C. Superior Court sentenced him to twelve to thirty-six years imprisonment.

The petitioner was then transferred to the jurisdiction of the United States Parole Commission ("USPC") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law 105-33, 111 Stat. 712 and D.C. Code § 24-1231(a). At the USPC's request, the petitioner underwent a psychological evaluation, which yielded a report indicating a high risk of the petitioner committing another sexual offense. The USPC conducted a review hearing for the petitioner, and by notice dated June 7, 2001, denied parole and continued him for rehearing after thirty-six months.

On August 31, 2004, the USPC conducted a combined parole hearing on the 1994 sentence and a revocation hearing regarding the detainer for the unexpired portion of the sentences imposed in 1980 and 1984. The USPC ultimately revoked parole on the 1980 sentence and denied parole on the 1994 sentence, continuing the matter for another thirty-six months. In December 2008, the petitioner was admitted to the residential Sex Offender Treatment Program at the Federal Medical Center ("FMC") Devens but he voluntarily withdrew from the program after only thirty-two days. When USPC learned of the petitioner's withdraw, it issued a notice of action to reopen the case for a special reconsideration hearing.

2

Following a January 14, 2010 hearing, the USPC rescinded the May 7, 2010 presumptive parole date.  After reevaluating the petitioner's case under the 1987 regulations of the D.C. Board of Parole, the USPC found that there was a reasonable probability that the petitioner would not obey the law if released and that his release would endanger the public safety.  Additionally, the USPC ordered the petitioner to complete the Bureau of Prisons Sex Offender Treatment Program.

In April 2010, the petitioner forwarded a letter to the Inspector General alleging that his parole eligibility should have been, but was not, considered under the Sellmon rule.  The petitioner cites to Sellmon v. Reilly in support of his argument that the retroactive application of the USPC parole regime substantially increased the risk that he would serve a lengthier term of incarceration, thus he is entitled to relief on his ex post facto claim.  551 F. Supp. 2d 66, 95 (D.D.C. 2008).  Finding no ground for warranting an investigation, the Inspector General's office forwarded the letter to the USPC.  In a letter dated May 14, 2010, the USPC responded to the petitioner's accusation by explaining that the 1987 regulations had, in fact, been applied to his case.

Thereafter, the petitioner, currently an inmate at Federal Correctional Institute ("FCI") Gilmer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition challenges the decision of the USPC denying him parole.  United

States Magistrate Judge James E. Seibert conducted a preliminary review on July 21, 2010 and determined that summary dismissal was not appropriate at that time. Accordingly, a show cause was entered. The respondent then filed a motion to dismiss, or, in the alternative, for summary judgment. A Roseboro notice was issued, and on December 2, 2010, the petitioner filed a memorandum in support of motion for evidentiary hearing.

This matter was referred to Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge issued a report and recommendation recommending that the respondent's motion to dismiss, or, in the alternative, for summary judgment should be granted and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.

After the magistrate judge issued the report and recommendation, the petitioner sent an undated letter to the Clerk's Office regarding his request for immediate release on parole. In this letter, the petitioner also requests counsel. Along with the letter, the petitioner filed "Documents for Hearing Examiner" and a memorandum in support of his motion for an evidentiary hearing. On March 7, 2011, the petitioner sent another

letter to the undersigned judge reiterating his argument that the USPC applied the wrong regulations in his parole hearing. Although these documents do not specifically address the report and recommendation, they repeat the arguments in the petitioner's § 2241 petition and thus this Court construes them as objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed letters and memoranda that this Court construes as objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his § 2241 habeas corpus petition before this Court, the petitioner alleges that the USPC violated the Ex Post Facto Clause by applying the 2000 regulations to his 1994 sentence instead of the 1987 regulations. The petitioner also argues that the USPC violated his right to due process and equal protection.

5

Specifically, the petitioner claims that were he Caucasian, the outcome of his parole hearings would have been substantially different. The petitioner also states a claim that the decision of the USPC amounts to cruel and unusual punishment and alludes to a claim that the Revitalization Act is a bill of attainder. The petitioner seeks immediate release on parole.

The respondent contends in his motion to dismiss or for summary judgment that the petitioner's claims against the BOP should be dismissed because he has already received consideration under the 1987 regulations. According to the respondent, the petitioner is actually attempting to challenge how, not whether, the 1987 regulations were applied to the USPC's review. In addition, the respondent argues that the USPC's decision to deny parole is supported by the evidence. Further, the respondent argues that the petitioner has failed to make a colorable statutory or constitutional claim that the USPC's parole decisions in this case arose out of or constituted racially motivated discrimination. Finally, the respondent denies that the USPC's parole violation violates the Eighth Amendment prohibition against cruel and unusual punishment.

In his response to the respondent's motion to dismiss or for summary judgment, the petitioner expounds upon his ex post facto claim and argues that his withdraw from the Residential Sex Offender Treatment Program was not significant and should not have been used for purposes of revoking his parole date. Finally, the

6

petitioner argues that there was no adequate justification for departure from the 1987 regulations because he meets the parole suitability requirements set forth in D.C. Code § 24-404. The petitioner insists that he is unlikely to violate the law upon his parole and that he does not pose a danger to society.

In his report and recommendation, the magistrate judge first addresses the history of the Revitalization Act, which overhauled the parole system by transferring jurisdiction over parole decisions from the D.C. Parole Board to the USPC. The USPC's revisions to the parole regulations, codified at 28 C.F.R. §§ 2.70-2.107, specify that they are applicable to an offender such as the petitioner, whose first parole hearing would occur after August 5, 1998. See 28 C.F.R. § 2.80(a)(5). The magistrate judge acknowledges that the changes incorporated by the USPC in the 2000 regulations arguably could impose a significant risk of a longer period of incarceration than under the earlier 1987 regulations. Under the 1987 regulations, after serving his minimum sentence, a D.C. Code offender became eligible for parole. See D.C. Code § 24-403 (2001). But the 2000 regulations established a multi-step process for calculating the number of months a prisoner should serve in custody before he is suitable for parole. This process results in what is called the "Total Guidelines Range" and until a prisoner has served a period of time equal to the bottom of his total guidelines range, he is presumed unsuitable for parole. See 28 C.F.R. § 2.80. The 2000 regulations are similar to the 1987

regulations in that they permit the USPC to deny parole to a prisoner who is presumptively eligible under "unusual circumstances." 28 C.F.R. § 2.80(n). With this background in place, the magistrate judge reviews and ultimately rejects the petitioner's Ex Post Facto Clause argument. This Court agrees with the magistrate judge's findings.

The United States Constitution prohibits the enactment of any ex post facto law. U.S. Const. art I, § 10, cl. 1. An ex post facto law is one which "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990). "To fall within the ex post facto prohibition, a law must be retrospective -- that is, it must apply to events occurring before its enactment -- and it must disadvantage the offender affected by it." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (internal citations and quotations omitted). "The critical question is whether the law changes the legal consequences of acts completed before its effective date." Weaver v. Graham, 450 U.S. 24, 31 (1981).

In this case, it is clear that all of the crimes for which the petitioner is incarcerated were committed prior to the adoption of the 2000 regulations. The USPC utilized the 2000 regulations in 2001, 2004, and 2007 when it denied the petitioner parole, and it appears that the USPC's actions may have created a significant risk of an increased period of incarceration. Had the 1987 regulations been applied, they would have indicated that the petitioner should

8

be granted parole. But even if the petitioner could establish an ex post violation in the application of the regulations, he is not entitled to an order granting him release on parole. Instead, he would be entitled to a new parole hearing with instructions to the USPC to apply the 1987 regulations. Notably, the petitioner has already received this precise relief.

The magistrate judge found that the petitioner's January 14, 2010 hearing was conducted pursuant to the 1987 regulations. The petitioner's "grid score" of zero suggested that parole be granted with the highest level of supervision, but the hearing examiner determined that the petitioner must complete the Sex Offender Treatment Program before be could be paroled. The USPC adopted the hearing examiner's recommendation and rescinded the petitioner's presumptive parole date of May 7, 2010.

The D.C. Parole Board, and now the USPC, is given discretion to depart from the parole decision suggested by a strict application of the regulations. See Ellis v. District of Columbia, 84 F.3d 1413, 1418-20 (C.A. D.C. 1996) (stating that the District of Columbia regulations do not give prisoners a due process liberty interest in parole -- the Board of Parole's authority to release a prisoner on parole is in its discretion). The petitioner acknowledges this ability to depart from the regulations in his memorandum in support of his motion for an evidentiary hearing. In this case, the USPC chose to depart from the regulations because it found there to be a reasonable probability that the petitioner

would not obey the law if released and would pose a threat to the community. In support of this finding, the USPC noted that the petitioner was on parole for an attempted rape when he committed the rape which resulted in his re-confinement. Accordingly, this Court agrees that the USPC set forth specific reasons for denying the petitioner his presumptive parole eligibility, and its decision is not subject to review. Thus, the petitioner's ex post facto claim must fail.

In further support of his § 2241 petition, the petitioner asserts that the decision of the USPC: (1) was racially motivated; (2) violated the Eighth Amendment prohibition against cruel and unusual punishment; and (3) violated 42 U.S.C. § 2000a-3. Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees with the magistrate judge that the petitioner has failed to offer any evidence in support of his claims that the USPC's decisions violated his due process or equal protection rights. Instead, these claims are merely bare allegations, insufficient to support his claim. Courts have consistently held that denial of parole does not violate the Constitution's prohibition against cruel and unusual punishment. Franklin v. Reilly, Civil Action No. 1:08CV82, 2009 WL 86550, at *3 (N.D. W. Va. Jan. 9, 2009) ("[B]ecause parole proceedings are not part of criminal prosecutions, the actions of the Commission do not constitute punishment."). Finally, 42 U.S.C. § 2000a prohibits discrimination or segregation in places of public accommodation,

which do not include prisons.  Douglas v. U.S. Att'y Gen., 404 F. Supp. 1314, 1315 (W.D. Okla. 1975).  Thus, this Court agrees with the magistrate judge's conclusion that this statute has no bearing on the petitioner's parole proceedings.

Lastly, this Court addresses the petitioner's accusation that the Revitalization Act is a bill of attainder.  A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."  Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977).  This Court agrees that because the Revitalization Act affects a class of persons rather than an identifiable individual and does not inflict additional punishment beyond the petitioner's original sentence, it cannot be classified as a bill of attainder.

The documents submitted by the petitioner on December 30, 2010 and the letter sent to the undersigned judge on March 7, 2011, which this Court construes as objections to the report and recommendation, merely reiterate the petitioner's original claims. The petitioner's memorandum in support of his motion for an evidentiary hearing argues that his rights under the Fifth and Fourteenth Amendments have been violated, but he fails to provide any further details in support of these claims.

The petitioner also contends that under the 1987 regulations, he would receive credit for "consistent participation in self-improvement activities, efforts viewed in light of personal

11

limitations, and overall adjustment and ability to handle interpersonal relationships." The filing titled "Documents for Hearing Examiner" lists various certificates of achievement that the petitioner has received. Although the petitioner references various achievements while incarcerated, he fails to present any evidence indicating that these activities have not been considered by the USPC. The petitioner has speculated but not demonstrated that consideration of his "institutional experience" would result in him receiving more lenient treatment. Such speculation is not sufficient to show a violation of due process. For these reasons, this Court must deny the petitioner's § 2241 petition and grant the respondent's motion to dismiss, or, in the alternative, for summary judgment.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE, the petitioner's motion for an evidentiary hearing is DENIED (Docket No. 36), and the petitioner's letter motion for immediate release on parole is DENIED (Docket No. 41). Furthermore, the respondent's motion to dismiss, or, in the alternative, for summary judgment is GRANTED (Docket No. 26). It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 25, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE